# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:                                          §        Case  No. 10-45678-ERW
                                                §
EDWIN S NUNEZ                                   §
CHRISTINE NUNEZ                                 §
                                                §
          Debtors                               §

## TRUSTEE'S FINAL REPORT

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on
   10/12/2010.  The undersigned trustee was appointed on 10/12/2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the
   debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be
   abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report
   showing the disposition of all property of the estate is attached as **Exhibit A**.

4.        The trustee realized gross receipts of                                    $9,455.58

          Funds were disbursed in the following amounts:

          Payments made under an interim distribution                                 $0.00
          Administrative expenses                                                     $0.00
          Bank service fees                                                         $120.58
          Other Payments to creditors                                                 $0.00
          Non-estate funds paid to 3rd Parties                                   $0.00
          Exemptions paid to the debtor                                             $966.45
          Other payments to the debtor                                                $0.00

          Leaving a balance on hand of[1]                                          $8,368.55

The remaining funds are available for distribution.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be
distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum
compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was <u>03/09/2011</u> and the deadline for filing government claims was <u>03/10/2011</u>. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is <u>$1,598.91</u>.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received <u>$0.00</u> as interim compensation and now requests the sum of <u>$1,598.91</u>, for a total compensation of <u>$1,598.91</u>[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of <u>$0.00</u>, and now requests reimbursement for expenses of <u>$14.18,</u> for total expenses of <u>$14.18</u>.

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: <u>06/11/2012</u>                    By:    <u>/s/ David P. Leibowitz</u>
                                                Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

| | |
|---|---|
| Case No.: | 10-45678-ERW |
| Case Name: | NUNEZ, EDWIN S AND NUNEZ, CHRISTINE |
| For the Period Ending: | 6/11/2012 |

| | |
|---|---|
| Trustee Name: | David Leibowitz |
| Date Filed (f) or Converted (c): | 10/12/2010 (f) |
| §341(a) Meeting Date: | 11/22/2010 |
| Claims Bar Date: | 03/09/2011 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. DA=§ 554(c) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| Ref. # | | | | | | |
| 1 | Location: 3059 N. Osceola, Chicago IL 60707 | $188,000.00 | $0.00 | DA | $0.00 | FA |
| 2 | 3554 N. Normandy Chicago, IL 60634 | $187,000.00 | $0.00 | DA | $0.00 | FA |
| 3 | Section 17, Lot 33 Greenbriar Sublette, IL 61367 | $15,000.00 | $0.00 | DA | $5,100.00 | FA |
| 4 | Bank of America Checking | $100.00 | $100.00 | DA | $0.00 | FA |
| 5 | Chase Checking | $0.00 | $0.00 | DA | $0.00 | FA |
| 6 | Chase Savings | $0.00 | $0.00 | DA | $0.00 | FA |
| 7 | Chase Savings | $0.00 | $0.00 | DA | $0.00 | FA |
| 8 | Bank of America | $0.00 | $0.00 | DA | $0.00 | FA |
| 9 | Bank of America Savings | $0.00 | $0.00 | DA | $0.00 | FA |
| 10 | Bank of America Savings | $0.00 | $0.00 | DA | $0.00 | FA |
| 11 | Chase Savings | $0.00 | $0.00 | DA | $0.00 | FA |
| 12 | Furniture | $600.00 | $600.00 | DA | $0.00 | FA |
| 13 | Clothing | $500.00 | $0.00 | DA | $0.00 | FA |
| 14 | Primerica IRA | $150.00 | $0.00 | DA | $0.00 | FA |
| 15 | Primerica IRA | $600.00 | $600.00 | DA | $0.00 | FA |
| 16 | 2006 Chevy Express: 41700 miles | $6,300.00 | $0.00 | DA | $0.00 | FA |
| 17 | 2010 Federal Tax Refund (u) | $0.00 | $4,355.00 | DA | $4,355.00 | FA |
| INT | Interest Earned (u) | Unknown | Unknown | DA | $0.58 | FA |

| | | | | Gross Value of Remaining Assets | |
|---|---|---|---|---|---|
| TOTALS (Excluding unknown value) | $398,250.00 | $5,655.00 | | $9,455.58 | $0.00 |

---

**Major Activities affecting case closing:**

Debtor to pay estate for equity in vehicle and interest in Lot.

Debtor to pay estate for equity in vehicle and lot

Motion to sell equity on property to be done - then TFR.

Motion to sell equity on property to be filed - Debtors paying for equity on property.

TFR to be completed first quarter of 2012.

Motion to sell equity on property filed today 2/28/2012,

| | |
|---|---|
| Initial Projected Date Of Final Report (TFR): | 05/01/2012 |
| Current Projected Date Of Final Report (TFR): | 05/01/2012 |

/s/ DAVID LEIBOWITZ

DAVID LEIBOWITZ

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | |
|---|---|---|---|
| Case No. | 10-45678-ERW | Trustee Name: | David Leibowitz |
| Case Name: | NUNEZ, EDWIN S AND NUNEZ, CHRISTINE | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | ******2206 | Checking Acct #: | ******7801 |
| Co-Debtor Taxpayer ID #: | ******2207 | Account Title: | DDA |
| For Period Beginning: | 10/12/2010 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 6/11/2012 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 06/29/2011 | | Sterling Bank | Transfer Funds | 9999-000 | $7,639.13 | | $7,639.13 |
| 07/05/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $2.39 | $7,636.74 |
| 07/28/2011 | (3) | Christine Nunez | Payment on equity Re real property | 1129-000 | $850.00 | | $8,486.74 |
| 07/29/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $10.73 | $8,476.01 |
| 08/31/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $13.67 | $8,462.34 |
| 09/30/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $14.09 | $8,448.25 |
| 10/31/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $12.75 | $8,435.50 |
| 11/30/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $13.17 | $8,422.33 |
| 12/30/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $13.59 | $8,408.74 |
| 01/31/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $13.56 | $8,395.18 |
| 02/29/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $12.67 | $8,382.51 |
| 03/30/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $13.96 | $8,368.55 |
| | | | **TOTALS:** | | $8,489.13 | $120.58 | $8,368.55 |
| | | | **Less: Bank transfers/CDs** | | $7,639.13 | $0.00 | |
| | | | **Subtotal** | | $850.00 | $120.58 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $850.00 | $120.58 | |

| For the period of  10/12/2010 to 6/11/2012 | | For the entire history of the account between 06/29/2011 to 6/11/2012 | |
|---|---|---|---|
| Total Compensable Receipts: | $850.00 | Total Compensable Receipts: | $850.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $850.00 | Total Comp/Non Comp Receipts: | $850.00 |
| Total Internal/Transfer Receipts: | $7,639.13 | Total Internal/Transfer Receipts: | $7,639.13 |
| | | | |
| Total Compensable Disbursements: | $120.58 | Total Compensable Disbursements: | $120.58 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $120.58 | Total Comp/Non Comp Disbursements: | $120.58 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

## CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 10-45678-ERW | | Trustee Name: | David Leibowitz |
| Case Name: | NUNEZ, EDWIN S AND NUNEZ, CHRISTINE | | Bank Name: | Sterling Bank |
| Primary Taxpayer ID #: | ******2206 | | Money Market Acct #: | ******5678 |
| Co-Debtor Taxpayer ID #: | ******2207 | | Account Title: | |
| For Period Beginning: | 10/12/2010 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 6/11/2012 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 02/25/2011 | (3) | Christine Nunez & Edwin Nunez | 1st payment | 1129-000 | $850.00 | | $850.00 |
| 03/30/2011 | (3) | Christine Nunez Edwin Nunez | Payment on equity Re real property | 1110-000 | $850.00 | | $1,700.00 |
| 03/31/2011 | (INT) | Sterling Bank | Interest Earned For March | 1270-000 | $0.04 | | $1,700.04 |
| 04/25/2011 | (3) | Christine & Edwin Nunez | Payment on equity Re real property | 1129-000 | $850.00 | | $2,550.04 |
| 04/29/2011 | (INT) | Sterling Bank | Interest Earned For April | 1270-000 | $0.07 | | $2,550.11 |
| 05/16/2011 | (17) | United States Treasury | Tax Refund | 1224-000 | $4,355.00 | | $6,905.11 |
| 05/23/2011 | 1001 | Edwin & Christine Nunez | Entitled portion of tax refund check. | 8100-002 | | $966.45 | $5,938.66 |
| 05/25/2011 | (3) | Christine Nunez & Edwin Nunez | Payment on equity Re real property | 1129-000 | $850.00 | | $6,788.66 |
| 05/31/2011 | (INT) | Sterling Bank | Interest Earned For May | 1270-000 | $0.20 | | $6,788.86 |
| 06/22/2011 | (3) | Christine Nunez/Edwin Nunez | Payment on equity Re real property | 1129-000 | $850.00 | | $7,638.86 |
| 06/29/2011 | (INT) | Sterling Bank | Interest Earned For June 2011 | 1270-000 | $0.27 | | $7,639.13 |
| 06/29/2011 | | Green Bank | Transfer Funds | 9999-000 | | $7,639.13 | $0.00 |
| | | | TOTALS: | | $8,605.58 | $8,605.58 | $0.00 |
| | | | Less: Bank transfers/CDs | | $0.00 | $7,639.13 | |
| | | | Subtotal | | $8,605.58 | $966.45 | |
| | | | Less: Payments to debtors | | $0.00 | $966.45 | |
| | | | Net | | $8,605.58 | $0.00 | |

**For the period of  10/12/2010 to 6/11/2012**

| | |
|---|---|
| Total Compensable Receipts: | $8,605.58 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $8,605.58 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $966.45 |
| Total Comp/Non Comp  Disbursements: | $966.45 |
| Total Internal/Transfer  Disbursements: | $7,639.13 |

**For the entire history of the account between 02/25/2011 to 6/11/2012**

| | |
|---|---|
| Total Compensable Receipts: | $8,605.58 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $8,605.58 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $966.45 |
| Total Comp/Non Comp  Disbursements: | $966.45 |
| Total Internal/Transfer  Disbursements: | $7,639.13 |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 10-45678-ERW | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | NUNEZ, EDWIN S AND NUNEZ, CHRISTINE | Bank Name: | Sterling Bank |
| Primary Taxpayer ID #: | ******2206 | Money Market Acct #: | ******5678 |
| Co-Debtor Taxpayer ID #: | ******2207 | Account Title: | |
| For Period Beginning: | 10/12/2010 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 6/11/2012 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
| | | $9,455.58 | $1,087.03 | $8,368.55 |

**For the period of 10/12/2010 to 6/11/2012**

| | |
|---|---|
| Total Compensable Receipts: | $9,455.58 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $9,455.58 |
| Total Internal/Transfer Receipts: | $7,639.13 |
| | |
| Total Compensable Disbursements: | $120.58 |
| Total Non-Compensable Disbursements: | $966.45 |
| Total Comp/Non Comp Disbursements: | $1,087.03 |
| Total Internal/Transfer Disbursements: | $7,639.13 |

**For the entire history of the case between 10/12/2010 to 6/11/2012**

| | |
|---|---|
| Total Compensable Receipts: | $9,455.58 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $9,455.58 |
| Total Internal/Transfer Receipts: | $7,639.13 |
| | |
| Total Compensable Disbursements: | $120.58 |
| Total Non-Compensable Disbursements: | $966.45 |
| Total Comp/Non Comp Disbursements: | $1,087.03 |
| Total Internal/Transfer Disbursements: | $7,639.13 |

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.:       10-45678-ERW
Case Name:      EDWIN S NUNEZ
                CHRISTINE NUNEZ
Trustee Name:   David P. Leibowitz

Balance on hand:        $8,368.55

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors:        $0.00
Remaining balance:        $8,368.55

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| David P. Leibowitz, Trustee Fees | $1,598.91 | $0.00 | $1,598.91 |
| David P. Leibowitz, Trustee Expenses | $14.18 | $0.00 | $14.18 |
| Lakelaw, Attorney for Trustee Fees | $1,227.50 | $0.00 | $1,227.50 |
| Lakelaw, Attorney for Trustee Expenses | $23.14 | $0.00 | $23.14 |

Total to be paid for chapter 7 administrative expenses:        $2,863.73
Remaining balance:        $5,504.82

Applications for prior chapter fees and administrative expenses have been filed as follows:
NONE

Total to be paid to prior chapter administrative expenses:        $0.00
Remaining balance:        $5,504.82

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

Total to be paid to priority claims:        $0.00

Remaining balance: _____ $5,504.82

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $23,907.96 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 23.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Chase Bank USA, N.A. | $2,488.02 | $0.00 | $572.86 |
| 2 | Chase Bank USA, N.A. | $5,503.14 | $0.00 | $1,267.10 |
| 3 | Capital One Bank (USA), N.A. | $4,280.06 | $0.00 | $985.49 |
| 4 | Capital One Bank (USA), N.A. | $1,019.66 | $0.00 | $234.78 |
| 5 | Capital One Bank (USA), N.A. | $6,647.38 | $0.00 | $1,530.56 |
| 6 | sallie mae | $3,969.70 | $0.00 | $914.03 |

Total to be paid to timely general unsecured claims: _____ $5,504.82
Remaining balance: _____ $0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

Total to be paid to tardily filed general unsecured claims: _____ $0.00
Remaining balance: _____ $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

Total to be paid for subordinated claims: _____ $0.00

Remaining balance: _____ $0.00